The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABERCROMBIE & FITCH CO., a Delaware corporation, | No. C10-01998 RAJ |
| Plaintiff, | MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY |
| v. | **NOTE ON MOTION CALENDAR:**[1] **December 13, 2010** |
| JOHN DOES 1-13, | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff ABERCROMBIE & FITCH CO. ("A&F") requests leave to conduct

discovery necessary to identify and locate defendants John Does 1-13 ("defendants") in this

action.  Defendants, whose identities are presently unknown to A&F, are infringing A&F's

trade and service marks by registering Internet domain names[2] that are identical or

confusingly similar to A&F's trademarks and service marks, and by using those domain

---

[1] Because defendants have not been identified or named in this case, no opposition brief will be filed.  Accordingly, pursuant to Local Civil Rule 7(d)(1), this motion has been noted for consideration on the day of filing.

[2] "Every web site on the Internet has an identifier called a "domain name."  The domain name often consists of a person's name or a company's name or trademark. For example, Pepsi has a web page with a web site domain name consisting of the company name, Pepsi, and .com, the "top level" domain designation: Pepsi.com."  *Panavision Intern. v. Toeppen,* 141 F.3d 1316, 1318 (9th Cir. 1998).

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

names in bad faith to profit from A&F's marks.  A&F has filed the instant action seeking injunctive relief and damages pursuant to the Anti-Cybersquatting and Consumer Protection Act, 15 U.S.C. § 1125(d); sections 32 and 43 Lanham Act, 15 U.S.C. § 1114(1) (Trademark Infringement) and 1125(a) (False Designation of Origin, Unfair Competition/False Advertising); the Washington Consumer Protection Act, RCW § 19.86.090; and Washington common law.

Defendants have gone to substantial lengths to hide their identities.  They have employed an array of false or unreliable information in their domain registrations, or have shielded their identities using "privacy protection" services.  Their websites do not contain any personally identifying information.  A&F seeks leave to issue subpoenas to third parties who are likely to have information about defendants' identities and operations so that A&F can name and serve defendants.

## II.      FACTS

### A.      A&F's Business and Trademarks

A&F is a specialty retailer that operates stores and direct-to-consumer operations selling casual apparel under the Abercrombie & Fitch, Abercrombie kids, Hollister and Gilly Hicks brands.  A&F operates over 1000 retail stores globally.  Complaint, ¶8.  A&F's predecessor, Abercrombie Co., was founded in 1892 as an upscale sporting goods store.  The company continued to expand in the 20th century.  In 1996, A&F became publicly listed on the New York Stock Exchange with the ticker symbol "ANF."  Today, Abercrombie & Fitch is one of the world's most recognizable brands.  *Id*., ¶¶ 9-10.

A&F owns registrations for a number of trademarks and service marks that it uses to identify its products in the marketplace.  Among the marks owned by A&F are the following registered marks (collectively the "A&F Marks"): ABERCROMBIE & FITCH; A&F;

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 2
No. C10-01998 RAJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

ABERCROMBIE; HOLLISTER; and GILLY HICKS. *Id.*, ¶11. The A&F Marks are distinctive and, as a result of A&F's substantial investment, they have developed extensive goodwill in the market. Accordingly, the A&F Marks are extremely valuable to A&F. *Id.*, ¶17.

A&F maintains a substantial presence on the Internet. Via the Internet, A&F advertises its products, transacts business with its customers, and provides customer service and support, among other things. In order to provide its customers with easy access to its online products and services, A&F has registered a number of Internet domain names. Many of these domain names correspond to A&F's trademarks and service marks, including the following: abercrombie.com; abercrombiekids.com; hollisterco.com; and gillyhicks.com. *Id.*, ¶18.

Each of these domain names, as well as others registered to A&F, resolves to an A&F-created website that provides A&F's customers with access to A&F's products. These websites generate business for A&F and allow A&F to maintain relationships with its customers. A&F's Internet-based sales are significant. For example, during fiscal year 2009, aggregate total net sales through direct-to-consumer operations exceeded $290 million, representing almost 10% of the company's net sales. *Id.*, ¶¶ 18-20.

**B.     Defendants' Unlawful Cybersquatting and Typosquatting**

Defendants are the registrants, assignees, traffickers, and users of numerous Internet domain names that contain or consist of A&F's Marks and/or intentional misspellings of A&F's marks. These domain names are hereinafter referred to as the "Infringing Domain Names." Defendants have registered their Infringing Domain Names using false or unreliable domain registration information that prevents A&F from discovering their true identities

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 3
No. C10-01998 RAJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

through publicly-available information.  *Id*., ¶¶ 21-30.  A list of defendants' 159 Infringing Domain Names is attached to the Complaint as **Appendix A**, and accompanies this motion.

The Infringing Domain Names are identical or confusingly similar to A&F's Marks, and do not resolve to websites owned or endorsed by A&F.  *See* Declaration of David A. Bateman in Support of A&F's Motion for Third Party Discovery ¶2 ("Bateman Decl.").   As a result, A&F seeks relief under the federal Anti-Cybersquatting and Consumer Protection Act, 15 U.S.C. § 1125(d), and other causes of action.

### C.      Defendants' Efforts to Conceal Their Identities.

Normally, every registrant of a domain name provides a name, address and other relevant contact information, which is compiled and publicly accessible in a "Whois" database.[3]

However, in practice, a registrant may provide fictional, incomplete or misleading information.  In this instance, A&F believes that defendants intentionally have taken steps to conceal their identities.  When registering their domain names, defendants have opted to register these domains using fictitious personal names, business names, and contact information.  Defendants have also employed "privacy protection" services to mask their identities.[4]  Thus, the current publicly-available "Whois" records for these Infringing Domain Names contain false or unreliable information about defendants' true identities.  A&F has not been able to locate these defendants through public record searches, corporate registration

---

[3] The Internet Corporation for Assigned Names and Numbers (ICANN) requires registrars to maintain a public database (dubbed "WHOIS") of all registered domains. This publicly accessible database displays the name, address, phone number, and e-mail address of the individual or organization who has registered the domain.

[4] According to Wikipedia, "domain privacy is a service offered by a number of domain name registrars. A user buys privacy from the company, who in turn replaces the user's info in the WHOIS with the info of a forwarding service (for email and sometimes postal mail, done by a Proxy server) such as "Domains by Proxy, Inc." or eNom's "Whois Privacy Protection Service"." *http://en.wikipedia.org/wiki/Domain_privacy.*

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 4
No. C10-01998 RAJ

K:\0241195\00003\20332_DAB\20332P24JO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  searches, or Internet searches.  *See,* Bateman Decl., ¶¶ 3-6 and Exhibits 1 and 2 (Whois record

2  and screen capture for domain names "aberceombie.com" and "abbercrombie.com").

3      Therefore, at present, there is no reliable public information that can confirm the true

4  identities of the individuals who own and operate the Infringing Domain Names.

5                      **III.    ARGUMENT**

6      A&F seeks leave to conduct limited discovery to determine defendants' identities so

7  that A&F can name and serve them in this suit.  The Ninth Circuit permits discovery to

8  determine the identity of unknown defendants.  "Where the identity of alleged defendants will

9  not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an

10  opportunity through discovery to identify the unknown defendants, unless it is clear that

11  discovery would not uncover the identities, or that the complaint would be dismissed on other

12  grounds."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Wakefield v.*

13  *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (relying on *Gillespie* in reversing district

14  court's dismissal of Doe complaint).

15      In *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999), the court

16  created a four-part framework for a party's motion for leave to conduct discovery against Doe

17  defendants.  *Id.* at 578. The *Seescandy.com* framework has been adopted by courts in this

18  circuit.  *See, e.g., Liberty Media Holdings, LLC v. Doe*, 2010 U.S. Dist. LEXIS 116816 (S.D.

19  Cal. Nov. 3, 2010*); IO Group, Inc. v. Doe,* 2010 U.S. Dist. LEXIS 114039 (N.D. Cal. Oct.

20  15, 2010*);  Solarbridge Techs., Inc. v. Doe*, 2010 U.S. Dist. LEXIS 97508 (N.D. Cal. Aug.

21  27, 2010).[5]

22

23

24  _____
[5] Some courts have applied a higher substantive standard for issuance of John Doe discovery
25  in cases that implicate a constitutional First Amendment right of anonymous speech. *See,*
   *e.g., Doe v. 2TheMart.com, Inc.,* 104 F.Supp.2d 1088 (W.D. Wash. 2001); *Dendrite Int'l, Inc.*
26  *v. Doe No. 3*, 342 N.J. Super. 134, 775 A.2d 756 (N.J. Super. Ct. App. Div. 2001).  The First
   Amendment is not implicated in this cybersquatting case.

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 5
No. C10-01998 RAJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\0241195\00003\20332_DAB\20332P24JO

The *Seescandy.com* framework requires that the moving party: (1) identify the Doe defendants with enough specificity to allow the Court to determine whether the defendants are real persons or entities who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served. *Id*. at 578-79.  A&F's request for leave to conduct third party discovery meets that test.

**A.     Defendants Are Real Persons or Entities.**

Under *Seescandy.com*, A&F must first identify the defendants with specificity sufficient to establish that the defendant is a real person or entity who could be sued in federal court. *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).  There is no doubt that defendants in this case are real individuals.  Defendants have created and maintained websites that directly infringe and profit off of the use of the A&F Marks.  A&F can identify defendants by sending subpoenas to third parties, including the domain registrars, web hosts, Internet Service Providers, ad revenue payors, financial institutions, and e-mail service providers they have used to register the Infringing Domain Names, to operate their websites, and to collect revenue.  Defendants are subject to suit in federal court because they have violated the federal Anti-Cybersquatting and Consumer Protection Act and other provisions of the Lanham Act.

**B.     A&F Has Taken Substantial Steps to Locate the Defendants.**

The second *Seescandy.com* requirement is that A&F "identify all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 579 (citing *Plant v. Does*, 19 F.Supp.2d 1316 (S.D. Fla. 1998).  A&F has undertaken an extensive and diligent search of public records to identify defendants.  Bateman Decl., ¶¶ 3-6.  As noted above, A&F has reviewed the Whois records for the Infringing Domain Names as well as performed Internet

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 6
No. C10-01998 RAJ

K\0241195\00003\20332_DAB\20332P24JO

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  and corporate records searches.  However, defendants' use of either false or unreliable

2  registration information has prevented A&F from confirming defendants' identities based on

3  publicly available information.

4        **C.**    **A&F's Action Can Withstand a Motion to Dismiss.**

5        The third *Seescandy.com* factor requires A&F to establish that its action against the

6  defendants can withstand a motion to dismiss.  *Seescandy.com*, 185 F.R.D. at 579 (citing

7  *Gillespie*, 629 F.2d at 642).  More specifically, "plaintiffs must make some showing that an

8  act giving rise to civil liability actually occurred and that the discovery is aimed at revealing

9  specific identifying features of the person or entity who committed that act."  *Id.*

10        A&F's complaint in this case could withstand a motion to dismiss.  A&F has alleged

11  that defendants have unlawfully registered and used the Infringing Domain Names with a bad

12  faith intent to profit from the A&F Marks.  A&F's allegations satisfy the requirement of

13  Federal Rule of Civil Procedure 8, and would not be subject to dismissal.

14        **D.**    **A&F's Proposed Discovery Will Likely Lead to Identifying Information about Defendants.**

15        The final *Seescandy.com* factor requires A&F to support its request for discovery with

16  reasons justifying the specific discovery requested, as well as identification of a limited

17  number of persons or entities on whom discovery process might be served.  185 F.R.D. at 579

18  (citing *Gillespie*, 629 F.2d at 642).  A&F must show that "there is a reasonable likelihood that

19  the discovery process will lead to identifying information about defendant that would make

20  service of process possible."  *Id.*

21        A&F will use third party discovery to identify the defendants who operate websites

22  employing the Infringing Domain Names.  A&F proposes to conduct limited discovery of

23  third parties, including domain registrars, web hosts, Internet Service Providers, ad revenue

24  payors, financial institutions, and e-mail service providers who should be able to identity the

25

26

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 7
No. C10-01998 RAJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\0241195\00003\20332_DAB\20332P24JO

1   defendants.  A&F proposes to send subpoenas to these third parties requesting information

2   about the defendants' identities and potentially any transactions with the third parties.

3          A&F acknowledges the possibility that production from its first round of subpoenas

4   may reveal additional third parties with information necessary to identify defendants.

5   Therefore, A&F also requests authority to issue follow-up subpoenas, if necessary, on the

6   leads provided by the subpoenaed parties.

7          A&F anticipates that the production it receives in response to its subpoenas will enable

8   it to confirm the actual identity of the defendants involved.  Assuming timely responses to its

9   subpoenas, A&F expects to complete its Doe discovery and identify defendants in 120 days.

10                          **IV.   CONCLUSION**

11         For the foregoing reasons, A&F respectfully requests that the Court grant its motion to

12   take third party discovery in order to identify the John Doe defendants.

13                 DATED this 13th day of December, 2010.

14                          K&L GATES LLP

15

16                 By____/s/ David A. Bateman_____
                       David A. Bateman, WSBA # 14262
17                     Pallavi Mehta Wahi, WSBA # 32799
                   Attorneys for Plaintiff
18                 Abercrombie & Fitch Co.

19                 925 Fourth Ave., Suite 2900
                   Seattle, Washington 98104
20                 Tel: (206) 370-6682
                   Fax:  (206) 370-6013
21                 Email: david.bateman@klgates.com

22

23

24

25

26

MOTION FOR LEAVE TO CONDUCT THIRD
PARTY DISCOVERY - 8
No. C10-01998 RAJ

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

K:\0241195\00003\20332_DAB\20332P24JO